In the Matter of BRUCE R. BRUMMITT, JR., Petitioner, *v.* BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF CAMDEN, ANNSVILLE, FLORENCE, VIENNA AND LEE, ONEIDA COUNTY, AND WILLIAMSTOWN AND CONSTANTIA, OSWEGO COUNTY, Respondent.

In the Matter of ROBERT W. MILES, Petitioner, *v.* BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF CAMDEN, ANNSVILLE, FLORENCE, VIENNA AND LEE, ONEIDA COUNTY, AND WILLIAMSTOWN AND CONSTANTIA, OSWEGO COUNTY, Respondent.

Fourth Department, June 25, 1964.

*Mackenzie Smith Lewis Michell & Hughes* (*Raymond W. Hackbarth* of counsel), for Bruce R. Brummitt, Jr.; *Neal P. McCurn* of counsel for Robert W. Miles), for petitioners.

*Stedman D. Tuthill* (*Lawrence T. Cook* of counsel), for respondent.

*Per Curiam.* This proceeding has been transferred to this court for disposition pursuant of subdivision (g) of CPLR 7804. The Board of Education, following a hearing based on formal charges, found that Brummitt, the Supervising Principal of the Camden School District, and Miles, his subordinate as Director of Pupil Personnel, were negligent in the manner in which they performed their duties with respect to three of the charges. As to all other charges the board found there was no misfeasance. The transgressions found were held not to be sufficient to warrant dismissal of the appellants but each was censured and reprimanded and Brummitt was fined $1,250 and Miles $870.

The charges and hearing followed the arrest of one Mosher, the school psychologist, on morals charges allegedly involving young pupils. The board has found that when certain information came to the attention of the appellants, they failed to

properly investigate, failed to keep the board informed, failed to make recommendations to the board, and failed to take any affirmative steps.

We are concerned only with the three incidents of which appellants have been found neglectful of duty. The only question to be determined is whether there is substantial evidence to support each of these. They will be referred to as the Brady matter, the Rome affair, and the Corcoran case, and considered in that sequence.

In April or May, 1961 Miles, after hearing that Mrs. Brady had some complaint, went to her home voluntarily and interviewed both Mr. and Mrs. Brady. Mrs. Brady was a witness at the hearing, but Mr. Brady was not. To support the board's finding as to this matter, there must be substantial proof that Miles was made aware that there was something abnormal about the school psychologist which would require investigation. There just is no such proof. Certainly as to Brummitt there could be no unfavorable finding, since the record discloses he was not even aware of the incident. Therefore, the finding of the board as to Charge 3 (2) must be reversed.

The Rome Affair. Jones and Bishop were patients at the Rome State School and attended school in the Camden district. Concededly, certain employees of the Rome School were informed of serious charges made against Mosher by the two patients. None of this, however, was communicated to either Miles or Brummitt. The proof is that Mosher went to Miles and advised him that the two patients had made complaints against him but Mosher vehemently asserted his innocence. The Board of Education found, among other things, that Brummitt and Miles " accepted the explanation " of Mosher and reprimanded " them for their handling of these complaints ". Actually there were no " complaints " by anyone concerning the two Rome students. There was silence, if not secretion of the true facts, on the part of those in the employ of the Rome School. The only fact brought to the attention of petitioners was the assertion by Mosher of an allegedly false charge made against him by two mental defectives. In the light of this proof there was no burden on petitioners to make a further investigation and most certainly no evidence to sustain the finding that they were derelict in the " handling of these complaints ". Therefore the finding of the board as to Charge 3 (8 & 9) must be reversed.

The Corcoran Case. On October 7, 1963 Mrs. Corcoran complained to a school official about an occurrence involving her son and the school psychologist. This was brought to the atten-

tion of Miles. He immediately interviewed Mrs. Corcoran. Upon Brummitt's return from an out-of-town school meeting, Miles told him of the complaint. That very evening, Brummitt and Miles disclosed this to the Board of Education at a regular meeting. The next day Brummitt interviewed the psychologist and that evening met again with the board and gave the results of the interview. At this point there was an accusation of a young child and the vehement denial of the staff member he accused. The attorney for the board at the meeting advised that in that posture, the filing of charges was not indicated because they could in all probability not be sustained. The board recommended a wait and see attitude and directed both Brummitt and Miles to continue the investigation. Concededly without the knowledge of either of them, the Corcorans had on October 10, 1963 gone to the B. C. I. of the State Police with their complaint. Without ever advising either appellant, the investigating officer for the B. C. I. conducted his investigation which culminated on October 31, 1963 in the arrest of the psychologist on a morals charge.

This event triggered an explosive response from the parents of children in the school district. A Citizens' Committee was formed and held public meetings which attracted large numbers. Complaints theretofore undisclosed were made. The atmosphere of the community was obviously charged with indignation and emotion.

With this background, Brummitt and Miles were charged with failing to properly investigate this complaint; failing to keep the board advised; failing to make recommendations to the board, and failing to take any affirmative action as to the removal of this staff member. The finding of neglect by the board as to this charge is bottomed principally on the fact that the appellants did not go to the police authorities. It would appear the board concluded that had this been done, charges would have been filed and the staff member suspended at an earlier date and before his arrest.

There can be no question but that Brummitt had the duty to further investigate this complaint and Miles was instructed by the board to also investigate in conjunction with Brummitt. In our view these appellants did everything a reasonably prudent and intelligent school executive would have done under the circumstances. Teacher personnel were interviewed, the social activities and background of the accused staff member were studied, the advice of the County Health Physician was sought, and efforts were made to find other complaints. None of these

inquiries furnished any information. The board was kept advised informally. The office of the psychologist was relocated to permit surveillance.

It would not be reasonable to require school officials to go to police authorities as soon as such a complaint is made by a child or his parents. Recognizing that the health, morals, and well-being of the students is of paramount importance, as we do, it is also apparent that the intervention of police authorities to investigate complaints could be most disruptive of staff morale. Especially would this be so when, as here, there was only the complaint of a child of tender years (often subject to fanciful imagination) as against the vehement denial of the accused staff member.

When Brummitt was advised that there had been a "confession" he recommended to the board with dispatch that either a resignation be obtained or the psychologist be brought before the board forthwith. The resignation was procured on November 3, 1963.

We conclude, therefore, that there was no substantial proof of neglect with respect to Charge 3 (10) and this finding too must be reversed.

The determination should therefore be annulled, the charges dismissed, and the fines imposed and paid remitted.

WILLIAMS, P. J., BASTOW, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Determination unanimously annulled with costs, charges dismissed and fines remitted.